[Civ. No. 7463.   Second Appellate District, Division Two.—November 24, 1930.]

WILLIAM J. HARRIS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, STATE COMPENSATION INSURANCE FUND et al., Respondents.

P. O. Gunness for Petitioner.

Edward O. Allen for Respondents.

WORKS, P. J.—Petitioner was an employee of the City of Monterey Park. According to his testimony he and others "were putting in a fire hydrant joint. Had it all coupled together, probably three or four hundred pounds of pipe, and I was down in the ditch, and I had a bar running in under the hydrant and pipe, . . . and in slipping it over the bank toward the edge of the bank, the bank caved in, and the bar moved, it [evidently the hydrant and pipe] slipped right down the bar, . . . [and] I had. to hold it." He further testified that he then said "to the boys" that he "got an awful strain" and that he felt a "little stinging sensation" in the right groin. It later developed that he was afflicted with a hernia. He testified that he had never had a hernia before the incident we have described, nor any indications of one, and this evidence went undisputed.

At the hands of the respondent Industrial Accident Commission petitioner was allowed compensation in the form of a surgical operation to correct the hernia, but was denied compensation for the loss of time involved in his troubles upon the theory that the strain to which he had been subjected caused merely an accentuation of a previous hernial condition. He asks that the award be annulled to the end, if we determine that he is entitled to it, that he be allowed compensation also for time lost.

At the oral argument the counsel for the Industrial Accident Commission said: "He was operated on at the expense of the insurance company, and it was found to be a fresh hernia; that is, there were no adhesions indicating that it was of long standing. And there is no doubt but that the man felt that he had never had hernia, or anything resembling hernia, in his life before. My reason for wishing to make a distinction between making full compensation and allowing an operation only is that the Commission has long ago made a thorough study of the medical aspects of hernia, and on the basis of information gathered from professional sources they have concluded that a hernia will not occur, especially when it is incurred under circumstances of apparently slight strain, unless there is a preexisting weakness of the peritoneal sac. . . . And we admit that there was no evidence in the record setting forth these

medical aspects of the case, as there was in the Bige case [referring to *Bige* v. *State Industrial Acc. Com.*, 105 Cal. App. 210 (287 Pac. 577)], the reason therefor being that the Commission has so many of these cases that it had forgotten to complete the record in this case."

The following colloquy then occurred: "Presiding Justice Works: We understood from the argument advanced in support of the petition that the only point is that the record on its face does not sustain any such finding. Justice Thompson suggests the question as to whether or not that assembled information which the Commission has can be used under those circumstances. Mr. Allen: That is a question also, and we admit that readily. All that I wanted to make clear was that this inferior tribunal has so many of this very same kind of cases before it that it sometimes slips up when it should have completed the record. Presiding Justice Works: If we should follow you on that question we should have to assume that this strain to which the man was subjected in lifting the pipe was so slight that it justified the Commission in relying upon that information that it had assembled, and we would also have to assume that it had assembled that information. Mr. Allen: Yes."

Under the circumstances thus disclosed we think petitioner was entitled to compensation for disability indemnity in addition to the compensation by operation (*Singer* v. *Industrial Acc. Com.*, 105 Cal. App. 374 [287 Pac. 567]).

Award annulled.

Craig, J., and Thompson (Ira F.), J., concurred.