SPENCER v. INDUSTRIAL COMMISSION et al.

No. 5342. Decided April 5, 1933. (20 P. [2d] 618.)

512

*P. G. Ellis,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Attorney General, and *Byron D. Anderson,* Special Deputy Attorney General, for defendants.

FOLLAND, Justice.

This is a proceeding to review an order of the Industrial Commission of Utah denying compensation to the plaintiff. Glen Spencer, the plaintiff, alleged injuries to his back, in the nature of a sacro-iliac sprain, leaving him unable to do any work, as a result of being violently jerked and wrenched by the bar on a Fresno scraper he was attempting to dump while working for the state road commission in the construction of a public road near Farmington, Utah, on August 5, 1932.

In view of the disposition we make of the case, a more detailed statement of facts is unnecessary. The Industrial Commission, after stating the nature of the claim, that the liability of the present case was carried by the state insurance fund of Utah, and that applicant earned a wage which entitled him to the maximum weekly compensation provided by law, if any, made the following decision:

"The instant case is the last of a long series of cases which applicant has brought before the Commission. The Commission has taken notice of its own records and finds that he has received compensation and/or medical expense at the hands of the State Insurance Fund for for the following injuries:

| Date of Injury | Nature | Compensation | Specific | Med. & Hosp. | Total |
|---|---|---|---|---|---|
| Sept. 13, 1921 | Right foot | $ 38.73 | ........ | $ 43.00 | $ 81.73 |
| April 11, 1924 | Left foot | ........ | ........ | 11.00 | 11.00 |
| Aug. 1, 1924 | Left foot | ........ | ........ | 10.00 | 10.00 |
| March 3, 1925 | Back | 4.35 | ........ | 28.00 | 32.35 |
| Sept. 10, 1926 | Left foot | ........ | ........ | 36.00 | 36.00 |
| Feb. 5, 1927 | Stomach | 578.74 | $1,508.53 | 575.68 | 2,662.95 |
| Jan. 28, 1929 | Back | 100.00 | ........ | 77.15 | 177.15 |
| Sept. 20, 1929 | Ribs | 43.51 | ........ | 10.00 | 53.51 |
| Jan. 16, 1930 | Back | 1,223.65 | 746.92 | 849.55 | 2,820.12 |

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $5,884.81

"If he suffered other compensable injuries the Commission has overlooked them.

"The accidents of February 5th, 1927 and January 16th, 1930 deserve special attention in order to get a proper historical background to the instant case. Referring to the injury of February 5th, 1927, the record shows that after a prolonged temporary total compensation period on November 14th, 1927, settlement for 51½% permanent partial loss of bodily function was agreed to and applicant was paid the net sum of $1508.53 therefor.

"Referring to the injury of January 16th, 1930, the record shows that for a period of temporary disability extending from January 16th, 1930, to and including May 6th, 1931, he was paid $1223.65 as compensation, plus $849.55 medical and hospital expense. In addition to the compensation paid on account of temporary total disability applicant was paid an additional 50 weeks' compensation as a specific indemnity for 25% permanent partial loss of bodily function.

"For the two injuries hereinabove referred to the applicant was paid 76½% permanent partial loss of bodily function. This would leave him with 23½% useful body if he actually suffered the losses for which he received payment.

"This case was set to be heard at the hours of 10:00 A. M., May 16th, 1932. On said date the parties in interest made due appearance and the case was heard and submitted for decision.

"After a careful review of the record the Commission hereby makes and enters the following Findings of Fact, Conclusions of Law, and Orders:

"Findings of Fact:

"I. The Commission finds that the testimony of applicant, when taken into consideration with the evidence of other witnesses relied upon by him, is so unsatisfactory as to be unworthy of credence.

"II. The Commission further finds that applicant has not sustained his burden of proof that he suffered an injury by reason of an accident while employed by the Utah State Road Commission on April 5th, 1932, by being violently jerked, wrenched and thrown by a Johnson bar of a four-horse Fresno or in any other manner, while attempting to dump same.

"III. The wage and all jurisdictional facts were admitted.

"IV. The Commission, having taken notice of its own records, finds that applicant has already, due to previous injuries, been paid by the State Insurance Fund a total of 153 weeks' compensation as a specific indemnity for loss of 76½% bodily function.

"V. The Commission further finds that at the present time applicant is suffering not to exceed 25% permanent partial disability to

his back and that he has been fully paid for that loss, on a former occasion."

From the findings the Industrial Commission concluded that compensation should be denied and made an order to that effect.

Three propositions are presented in the application for the writ of review: (1) That the Industrial Commission erroneously took judicial notice of certain records, on file in its office, of proceedings had in other industrial accident cases where this plaintiff was the applicant claiming compensation on account of accidental injuries while employed by other employers, and used such records as a basis for its findings of fact and decision, without such records and files having been first introduced in evidence in the present case, and without applicant having had an opportunity to meet, explain, or answer such records; (2) that applicant's case was "conducted entirely by one of the Commissioners" and that such conduct of the case was not adequate to fully elicit all the available evidence to show the nature and extent of plaintiff's injuries; and (3) that the findings and decision are not supported by but are contrary to the evidence and the law.

A fourth proposition has been argued in the briefs, viz.: That the Industrial Commission erroneously decided that the state insurance fund having paid for 76½ per cent loss of bodily function of plaintiff, he is not now entitled to compensation for an injury suffered by him resulting in not to exceed 25 per cent permanent partial disability to his back.

These propositions we shall discuss separately. From the decision it is apparent that the findings and decision largely rest on records and files of which the commission in its decision states it has "taken notice." A reading of the record discloses that the records and files pertaining to previous cases were not introduced in evidence at the hearing or otherwise brought into the record with the knowledge

or consent of the applicant, but were, after the case was presented and submitted, "noticed" and used by the Industrial Commission in the making of its findings and decision. The applicant submitted his case on the evidence adduced at the hearing with reference to the alleged accident and injury of April 5, 1932, and had no notice or information that any of the records of previous cases would be used against him in the determination of the merits of his present application for compensation. He had no opportunity to meet or explain by evidence or argument the facts or implications contained in or arising out of the records thus attempted to be brought into the case after submission and before decision. The other cases referred to were all separate and distinct cases and in no way connected with or made a part of the present case by anything set forth in the application or record prior to the decision. The state insurance fund was the insurance carrier in the previous cases referred to but the employers were other than the employer in the present application.

The rule applicable to judicial proceedings is that, while a court may take judicial notice of the proceedings and records in the cause before it, the court cannot in one case take judicial notice of its own records in another and different case. *Robinson* v. *Kelly*, 69 Utah 376 255 P. 430.

We recognize that the Industrial Commission is not a court and is not bound by the usual common law or statutory rules of evidence or by the technical or formal rules of procedure. Comp. Laws Utah 1917, § 3149. Yet, it is fundamental that in investigations such as the Industrial Commission is authorized to make, any party to a cause or proceeding is entitled to be advised of and afforded an opportunity to meet such evidence as the commission may consider and rely on in the making of its findings and decision. Unless such evidence is brought into the case, and in some lawful manner made a part of the record, it cannot be regarded as competent evidence, and must be

excluded in determining the sufficiency of the evidence to support the findings of the Industrial Commission. *Putnam v. Ind. Com.* (Utah) 14 P. (2d) 973; *Harris v. Ind. Acc. Comm.*, 110 Cal. App. 46, 293 P. 659; *Henry Cowell L. & C. Co. v. Ind. Acc. Comm.*, 211 Cal. 154, 294 P. 703, 72 A. L. R. 1118.

Counsel for the Industrial Commission argue that the findings of the Industrial Commission that applicant in previous cases was paid for a loss of 76½ per cent of bodily function, and that he had been fully paid for disability to his back in one of the previous cases, is "properly supported by the record before this court for the reason that applicant in his petition for the writ of review asked for and in the writ directed that all records of previous claims be certified to this Honorable Court." We are not impressed with this contention and no authority is cited in support thereof. Petitioner is entitled to have the entire record relied on by the Industrial Commission brought to this court for review although his purpose may be to attack part of such record as incompetent and not properly before the commission. The petition for the writ cannot be construed to be a stipulation that the records of previous cases are now to be regarded as having been properly before the commission, or as a waiver of the objections explicitly stated in such petition. For the purpose of reviewing this case and passing on the other questions involved, the records and files of previous cases must be excluded.

Plaintiff next urges that he is entitled to a rehearing because, as stated in his petition, the hearing on his claim was "conducted entirely by one of the Commissioners thereof; that one or more witnesses requested by him in writing prior to the hearing was not produced, and that the examination and evidence produced by witnesses called and examined by the Commission was not adequate, in petitioner's judgment, to fully elicit all the available evidence showing the full extent of his injuries from said accident of April 5, 1932."

We have carefully read the entire record and find that the hearing was conducted in about the same manner that other hearings have been conducted where neither party is represented by counsel. The commissioner in charge examined the witnesses and gave full opportunity to the applicant and to the claims adjuster of the state insurance fund to also examine the witnesses. The applicant was not curtailed in any manner but allowed to freely examine witnesses and to give his own testimony without interference.

The contention of plaintiff is that because of the manner of conducting the hearing he "did not have charge of his own case, the calling and examination of witnesses at the hearing," but that this was "attended to by one of the members of the Industrial Commission who presided at the hearing," and that "since the Commissioner took charge of his case it was his duty to bring out all of the facts that would be beneficial to Spencer, and that would tend to show the extent of the liability incurred by the State Insurance Fund, no matter how detrimental it might be to the latter."

We find no justification for the theory that the commissioner presiding at a hearing must act as the attorney for applicant. The commissioner in charge did not attempt to curtail any of the rights of the applicant but allowed him free opportunity to conduct his case and many times aided the applicant by eliciting testimony favorable to his cause. A broad discretion is vested in the Industrial Commission by statute (Comp. Laws Utah 1917, § 3149) with respect to the manner in which its investigations shall be conducted. Unless it is shown that some substantial right of a party has been denied him, or that he has been deprived of an opportunity to fairly and fully develop his case, this court will not interfere to direct the method of conducting such hearings or investigations. *Ocean Acc. & Guar. Co.* v. *Ind. Comm.*, 66 Utah 600, 245 P. 343. The commission represents the employer and insurance carrier equally with the petitioner, and its members are

charged with the duty of protecting the substantial rights of all the parties and not merely one of them. It is, of course, the duty of the commissioner in charge of a hearing to see that all the evidence available and necessary is brought into the record to the end that an intelligent and just conclusion be reached. We cannot on the record before us say that these duties were not observed. A careful reading of the record discloses that the hearing was conducted fairly, with full regard to the rights of applicant, and every opportunity was afforded him to fully present his case, with the exception only that the Industrial Commission, after the hearing was concluded and the case submitted, took notice of and considered records of other cases in formulating its decision.

Plaintiff contends that Mr. Lee Moffat and Dr. S. G. Kahn should have been called as witnesses. After notice of the hearing, the applicant requested that certain witnesses be subpoened by the commission in his behalf, and all the witnesses thus requested were present at the hearing except Mr. Lee Moffat, who was said to be out of the city. At the close of the case the commissioner presiding asked Mr. Spencer if he had further evidence and he answered no, and the commissioner said, "The case will be submitted." Whereupon, Mr. Spencer said he would like to have Mr. Moffat present. It was discovered that Moffat had made a statement to one of the investigators for the state fund, whereupon the record shows the following: Commissioner Knerr: "Have you any objection to making this report a part of the record as evidence of Mr. Moffat?" The applicant: "He sent word up with the doctor and told me not to go back on the job." Commissioner Knerr: "Moffat says you told him about your back and saw you flinch." The applicant: "I believe that is all right." The statement of Mr. Moffat was then admitted as an exhibit. There is no allegation in the motion for rehearing or in the application for the writ of review that Mr. Moffat, if called, would testify any differently or more favorably

to applicant than in the statement admitted in evidence by consent of applicant. We are unable to find any substantial ground for complaint of the action of the commissioner with respect to this witness.

Counsel for plaintiff strenuously insists that the commission should have called Dr. S. G. Kahn as a witness instead of or in addition to the other medical witnesses who testified. Three medical men testified at the hearing. They were Dr. Byron L. Kesler, Dr. Jos. E. Tyree, and Dr. Lawrence C. Snow. The record does not disclose at whose request Drs. Tyree and Snow were called, but it does show that Dr. Kesler was called at the request of Mr. Spencer. We do not find anything in the record indicating that Mr. Spencer expressed any desire that Dr. Kahn be called as a witness. The first indication of it is in plaintiff's brief. Dr. Kahn was not listed with other witnesses Spencer asked to have called, nor did Spencer at the hearing or in his motion for rehearing request or at any time suggest that he be called. Dr. Kahn's relations with and services to Spencer were fully known to Spencer, while the commissioner merely had information that Dr. Kahn had treated him. Undoubtedly Dr. Kahn would have been called as a witness had Mr. Spencer made such a request. On the facts shown plaintiff cannot now be heard to complain.

Complaint is made in plaintiff's brief of a supposed attitude or disposition on the part of the Industrial Commission and its members to discourage the appearance of attorneys at law to assist applicants in hearings held by the commission. There is not anything made to appear in the record of this case to justify such complaint or to invoke any discussion of the matter by this court. It is sufficient to say that in the printed notice of hearing sent to the applicant, copy of which is on file in the record, there is, in effect, an invitation for parties to appear by counsel if they so desire, as follows:

"Note. Either party shall have the right to be present at any hearing in person or by attorney or by any other agent and to present such evidence as may be pertinent."

The next question presented is whether the findings are supported by the evidence. It is obvious that finding No. IV and part of finding No. V are bottomed on the records and files of previous cases which may not now be considered by us because they are not properly in the record. Counsel for the commission argue that notwithstanding any error in the record with respect to the noticing of the records of other cases, yet, since the commission made findings that the testimony of applicant was unworthy of credence and that he has not sustained the burden of proof that he sustained an injury by accident on April 5, 1932, we should sustain the order denying compensation. This, however, we may not do as it is plainly evident that the Industrial Commission based its decision and findings, notwithstanding an attempt in finding No. I to restrict that finding to the evidence adduced at the hearing, on the whole record including the evidence of previous injuries suffered by plaintiff and the records made with respect to such injuries.

The theory of the decision is that plaintiff had suffered previous injuries for which he was paid compensation as for a 76½% loss of bodily function, and having been so paid he cannot again be paid compensation where he does not show a greater loss of bodily function than he has been paid for. While this question is discussed at length in the briefs we do not pass on it for the reason that its disposition would require recourse to records not properly in the case.

The order of the Industrial Commission denying compensation is annulled and the cause remanded for further proceedings.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.