<hr/>

[Civ. No. 9471. First Appellate District, Division Two.—July 30, 1934.]

A. F. THOMAS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

John K. Hagopian for Petitioner.

Everett A. Corten and Emmett J. Seawell for Respondents.

SPENCE, J.—Petitioner filed his application with the respondent commission for adjustment of his claim for compensation. He had suffered a hernia and the employer had provided a surgical operation and hospital care. Respondent commission found that petitioner had sustained an injury arising out of and in the course of his employment "consisting of the aggravation into a disability condition of a preexisting left inguinal hernia". It further found that petitioner had been adequately compensated for the "exacerbation of said hernia" by the furnishing of the surgical operation and hospital care "without compensation for disability" and made its award that petitioner "take nothing further". Petitioner seeks the annulment of said award.

The evidence before the commission was very brief. Petitioner was the only witness examined orally and his testimony covers less than eight pages of the typewritten record. The only other evidence introduced was the written report of the surgeon who performed the operation. Said report contained no statement with respect to the origin or cause of the hernia. The only portion of said report having any bearing upon the situation was as follows: "November 21, 1933. Bassini operation performed. Operative Findings: Small mass size of a marble protruding from external ring, easily reduced. Coverings of sac easily distinguished and separated. No adhesions internal or external, sac containing small loop of bowel, but patient made an uneventful recovery."

The testimony of petitioner showed that he was employed as a concrete worker by the city and county of San Francisco; that on November 12, 1933, he was pushing a "concrete buggy" containing about 300 pounds of concrete; that while so engaged the buggy suddenly tipped to the side and when petitioner tried to prevent the overturning of the buggy he felt a sharp pain in his left groin; that he was unable to continue work and upon examining himself he "noticed a lump"; that he reported at the office of the employer's physician the same afternoon but the doctor was not available; that he reported to the doctor the fol-

lowing morning and was ordered to the hospital where the operation was subsequently performed. His further testimony showed that he had never had "any trouble like this before" and had never previously experienced any pain of any sort at his work. He had returned to work but a few days prior to the injury and had been examined, as was the employer's custom, before so returning. The result of this examination does not appear in the record. Petitioner offered in evidence a letter from the acting chief medical officer of the United States veterans' administration stating that petitioner had been thoroughly examined in that office on March 7, 1933; that he did not then "complain of any hernia, and upon physical examination no hernia was found, neither was there found any relaxed inguinal ring". Said letter was not admitted in evidence, the referee saying, "It is merely corroboration. That's unnecessary." Said referee had previously stated, "this is a perfectly simple hernia case. There's no reason to litigate it to any great extent." Counsel for the insurance carrier offered no testimony at the hearing but requested one day to have petitioner examined and to file a report. This request was granted. Counsel for petitioner then said, "I request the same leave to have him examined and submit reports." Whereupon the referee said, "I do not see the reason to go to the expense." No further reports were filed but on the day following the hearing, the respondent commission made its award as above indicated. Thereafter petitioner's application for a rehearing was denied.

█ Petitioner contends that the award denying him disability compensation should be set aside as there was no evidence whatever to support the finding that petitioner's injury consisted of the aggravation of a pre-existing hernia. In our opinion this contention must be sustained. Respondents do not quote any evidence to sustain said finding but they argue that the commission applied to the facts of the present case the knowledge gained from expert testimony in other cases involving similar issues. They then proceed to set forth what purports to be the substance of certain expert testimony given in other hernia cases and dealing with the alleged symptoms of "true traumatic hernia". None of such expert testimony is to be found in the record before us. Reference is then made by respondents to section 19, sub-

division c, of the Workmen's Compensation, Insurance and Safety Act, which provides that the "commission may receive as evidence, . . . excerpts from expert testimony received by the commission upon similar issues of scientific fact in other cases and the prior decisions of the commission upon such issues". The fallacy in respondents' argument is found in the fact that while such evidence might have been admitted under the provisions of the section above mentioned, no such evidence was offered or admitted herein and therefore said finding stands wholly unsupported. The situation is strikingly similar to that presented in *Harris* v. *Industrial Acc. Com.*, 110 Cal. App. 46 [293 Pac. 659], and upon the authority of that case the award must be annulled. It is so ordered.

Nourse, P. J., and Sturtevant, J., concurred.