SPENCER v. INDUSTRIAL COMMISSION et al.

No. 6060.   Decided June 2, 1939.   (91 P. 2d 439.)

Rehearing denied August 2, 1939.

*Willard Hanson, Stewart M. Hanson,* and *D. N. Straup,* all of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for defendants.

PRATT, Justice.

Glen Spencer was awarded compensation for injuries received in April, 1932, arising out of his employment. The compensation ran for 312 weeks, the maximum time allowed

for temporary total disability, and for partial disability. Revised Statutes of Utah 1933, Sections 42-1-61, and 42-1-62. See also Sec. 3138, Laws of Utah 1919, page 154, and Sec. 3137, Laws of Utah 1921, page 165. His injury was diagnosed as a severe sacro-iliac strain. He suffered severe pain in his back and legs. At times he was unable to properly use his legs without support. He wears a celluloid cast which he claims is of some aid to him.

On April 4, 1938, Mr. Spencer presented to the Industrial Commission an application for further and continued compensation. He claims permanent, total disability. (Sec. 42-1-63, R. S. U. 1933). When his award, first above mentioned, was made, the Commission found that he was not permanently totally disabled, although medical testimony was introduced to the effect that he was. During the years of the running of his compensation he received medical treatment at the expense of the State Insurance Fund.

A hearing was held upon the application of April 4th, 1938. Applicant was present without counsel. He was sworn, and testified that he was unable to do any work on account of the pain in his legs and back. Two doctors were sworn and testified in substantiation of this statement. They attributed his trouble to the injury of April, 1932. One of them placed his disability at 75 percent to 90 percent; the other at 100 percent for heavy labor and 75 percent for light labor. There was some testimony indicating that an operation might aid him; and if successful, his disability might be decreased to about 50 percent. One of the two doctors attributed the condition of his legs to irritation of the sciatic nerve.

The matter was submitted to the Commission for decision. Afterwards, one of the Commissioners wrote Spencer requesting him to appear before a third doctor for examination. He gave, as a reason for this, that the Commissioners were uncertain in their minds as to whether or not there was permanent total disability. Spencer took this examination, and the doctor made his report. The case was

re-opened and the doctor took the stand. He testified that Spencer was suffering from arthritis of the sacro-iliac joints and lumbo sacral joint; that he was a nervous and unstable type and that he was definitely a traumatic neurosis case. In line with this testimony the doctor said that Spencer needed convincing that he could do some of the things he thinks he cannot do. He did not believe Spencer completely disabled, nor did he believe Spencer's condition the result of the injury of 1932. He questioned the efficacy of an operation. This doctor gave Spencer a disability of 35 percent to 45 percent.

The Commission by a majority vote found that Spencer was not permanently totally disabled and denied further compensation. One commissioner wrote a dissenting opinion. Applicant has brought the case to this Court upon a writ of certiorari. This case in its prior court appearances may be found in 81 Utah 511, 20 P. 2d 618; 87 Utah 336, 40 P. 2d 188; and again in *Ellis* v. *Industrial Commission,* 91 Utah 432, 64 P. 2d 363.

Counsel for applicant questions the good faith of the Commissioner requesting Spencer to appear before the third doctor. He seems to feel that the request was some evidence of antagonism of that Commissioner toward Spencer. We can see no justification for such a conclusion. Revised Statutes of Utah 1933, Sec. 42-1-85, contemplates just such procedure if desired by the Commission.

Some mention is made that Spencer was not represented by counsel before the Commission and that his rights were not properly protected. This was apparently voluntary on Spencer's part. No one prevented him from having counsel. Considering his previous experiences in this case and our former decision upon the matter of counsel before the Commission (see this case in 81 Utah 511, 20 P. 2d 618) he is hardly in a position to claim ignorance in the matter. The Commission certainly took no advantage of him. We see no merit to this objection.

In the case of *Continental Casualty Co. et al.* v. *Industrial Commission,* 70 Utah 354, 260 P. 279, we held that upon a showing of lack of expected recovery, within a period contemplated by the first award for temporary disability, additional compensation may be allowed the injured employee. In this, the Spencer case, the application of such a principle must be made in the light of the fact that the award for the injury of April, 1932, has run for the full statutory period allowable for temporary disability. That being the case, there is nothing left to award Mr. Spencer other than compensation for permanent total disability. To make such an award there must be a finding of permanent total disability, a finding of something more than mere failure to recover within the six year period from an accident which the Commission originally found to be temporary. The lapse of the full statutory period of six years is not conclusive of the permanency of the disability; but it is a fact that may be considered along with other facts in determining that question.

We have set out briefly the substance of the testimony of the three doctors. We also called attention to the fact that at a previous hearing of this matter, medical testimony was submitted indicative that Spencer was permanently totally disabled, after which the Commission found that he was not so disabled. The only material difference between such testimony taken at that time, and that taken at this hearing, lies in the added fact of lapse of time. The Commission might have found permanent total disability, but can we say they were in error in finding otherwise? We think not. The third doctor in the case questioned the totality of the disability and indicated rather strongly that the condition might be corrected by a treatment to overcome the thoughts of the applicant that he is more seriously affected than is the fact — a condition which presumably was in the doctor's mind when he referred to Spencer as suffering from a definite traumatic

neurosis. It is not for us to question the doctor's diagnosis. The Commission determines the facts in the case.

The decision of the Industrial Commission is affirmed.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ., concur.