PEOPLE *v.* MILLER

1. WITNESSES—EXPERT WITNESSES—ADMISSION OF TESTIMONY.
   An expert witness with particular knowledge and special experience which ordinary jurymen do not have may testify as to opinions and conclusions.

2. WITNESSES—EXPERT WITNESSES—CONCLUSIONS OF WITNESS—ADMISSIBILITY.
   The conclusion of an expert witness is properly received in evidence when the conclusion to be drawn from the facts depends upon professional or scientific skill or knowledge.

3. WITNESSES—EXPERT WITNESSES—CONCLUSION OF WITNESS—ADMISSIBILITY.
   Expert witness's conclusions and opinions were properly admitted where the expert witness clearly and in considerable detail explained the finding and facts upon which her opinions and conclusions were based.

4. WITNESSES—EXPERT WITNESSES—CONCLUSIONS OF WITNESS—WEIGHT.
   The weight to be given properly admitted opinions and conclusions of an expert witness is in the province of the jury.

5. CRIMINAL LAW—ACCUSATORY STAGE—WAIVER OF RIGHTS—SPECIFIC WAIVER.
   A specific statement that an accused waives his constitutional rights is not necessary for a valid waiver of those rights at the accusatory stage of criminal proceedings.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 16–18.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 36.
[4] 31 Am Jur 2d, Expert and Opinion Evidence § 181.
[5] 21 Am Jur 2d, Criminal Law § 219.

Appeal from Recorder's Court for the City of Detroit, Andrew C. Wood, J. Submitted Division 1 February 3, 1971, at Detroit. (Docket No. 9467.) Decided April 28, 1971.

Ronald Miller was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: Lesinski, C. J., and R. B. Burns and Levin, JJ.

Per Curiam. Defendant appeals his conviction of manslaughter. MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

Defendant raises numerous issues on appeal: (1) that testimony of the Wayne County Medical Examiner was prejudicial to the defendant because it purported to be fact rather than opinion and because facts to support the examiner's conclusion were not established, (2) that defendant's statement to the police was improperly admitted into evidence, (3) that prejudicial error was committed in the court's instructions to the jury, and (4) that the prosecutor made prejudicial remarks amounting to reversible error during summation. None of these issues require reversal of the jury's verdict.

An expert witness with peculiar knowledge and special experience which ordinary jurymen do not have may testify as to opinions and conclusions.

*Agee* v. *Williams* (1969), 17 Mich App 417; GCR 1963, 605. The conclusion of an expert witness is properly received in evidence when the conclusion to be drawn from the facts depends on professional or scientific skill or knowledge. *Dudek* v. *Popp* (1964), 373 Mich 300. The expert in this case clearly and in considerable detail explained the findings and facts on which her opinions and conclusions were based. The weight to be given such testimony is in the province of the jury. *Agee* v. *Williams, supra.*

Under the facts of this case the defendant clearly and unequivocally waived his right to the presence of counsel before he made his statement to the police. The rules of *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) were clearly met. A specific statement that an accused waives his constitutional rights is not necessary for a valid waiver of those rights at the accusatory stage of criminal proceedings. *People* v. *Matthews* (1970), 22 Mich App 619; *United States* v. *Hayes* (CA 4, 1967), 385 F2d 375.

The assignments of error concerning the jury instructions and prosecutor's argument were not preserved by objection at the trial level. We have examined the instructions and the objected-to portion of the argument and find nothing that would warrant granting a new trial.

Defendant had a fair trial.

Affirmed.