FORD v MONROE STEEL CASTINGS COMPANY

Docket No. 78-5369. Submitted January 16, 1980, at Detroit.—Decided May 19, 1980. Leave to appeal applied for.

Lilah E. Ford (plaintiff) petitioned the Bureau of Workmen's Compensation for benefits entitled her as a result of the death of her husband, Clifford G. Ford. The administrative law judge awarded medical expenses and death benefits. Following oral argument before the Worker's Compensation Appeal Board and prior to its decision, plaintiff petitioned for permission to take additional evidence based upon the stipulation of the parties contained in depositions to admit the death certificate and hospital records. The petition also requested leave to take a deposition of a physician in Florida who signed the death certificate because "[a]t least one * * * Member of the panel was of the opinion that the introduction into evidence of either the hospital records or a certified copy of the death certificate would not remedy the supposed defect apparently since neither would constitute direct evidence as to the cause of death". The panel denied plaintiff's petition to take additional testimony without stating a reason. It then proceeded to hold that the cause of death could not be established by the testimony of physicians who did not attend the deceased at his last illness and reversed. Plaintiff appeals by leave granted. *Held:*

The testimony of physicians who did not attend a deceased at his last illness is properly admissible to establish the cause of death. Denial of plaintiff's petition to take additional evidence constituted a clear abuse of discretion.

Reversed and remanded.

WITNESSES — EXPERT WITNESSES — PHYSICIANS — EVIDENCE — CAUSE OF DEATH.

The testimony of physicians who did not attend a deceased at his last illness is properly admissible to establish the cause of death.

REFERENCES FOR POINTS IN HEADNOTE

[1] 31 Am Jur 2d, Expert and Opinion Evidence §§ 38, 185.
Admissibility of opinion evidence as to cause of death, disease or injury. 66 ALR2d 1082.

*Robert L. O'Connell,* for plaintiff.

*Lacey & Jones* (by *John L. Salter*), for defendant.

Before: M. J. KELLY, P.J., and BRONSON and D. C. RILEY, JJ.

M. J. KELLY, P.J. Plaintiff appeals by leave granted from a November 30, 1978, opinion and order of the Worker's Compensation Appeal Board which reversed an administrative law judge's award of death benefits in the amount of $64 per week for 500 weeks.

At the hearing the plaintiff prevailed. The administrative law judge awarded medical expenses in the amount of $3,361.75 plus death benefits in the amount of $64 per week for 500 weeks. The last sentence of his award was:

"It must be noted that the exhibits marked during the taking of depositions have not been considered since they were not presented at the time of trial."

It was the lack of those exhibits and only that which impelled the appeal board to reverse the hearing referee. All of the doctors agreed that the deceased had chronic obstructive lung disease. The defendant's doctor related it to cigarette smoking; the plaintiff's evidence related it to respiratory irritants and atmospheric pollutants over a long period of time and both the administrative law judge (hearing referee) and the unanimous five-member panel of the appeal board found it employment related. The appeal board chose to ignore the evidence in the record that tended to establish decedent's death was causally related to the occupational disease. For example, Dr. Grassin testified:

"It's my opinion that, from the data given to me, the cause of death was congestive heart failure related to arteriosclerotic heart disease, related to, or secondary to, chronic pulmonary obstructive disease, and that would be it."

Dr. Winkler examined decedent's records and based on a hypothetical testified that:

"Well, I feel that his occupational exposure to the various respiratory irritants and atmospheric pollutants over a prolonged period of time did contribute to his chronic obstructive lung disease. And I do feel that this played a significant role in his demise on November 13, 1973."

What is peculiar in the light of the appeal board's disposition of this case is that Dr. Winkler testified that *the death certificate*[1] showed chronic obstructive lung disease as being a factor in decedent's death. But the appeal board for want of a death certificate reversed the referee's award. It did not reject the referee's findings, it affirmed them. Its convoluted opinion first found defendant's hospitalization for final illness work-related and then astonishingly refused benefits. Its opinion provides:

"We also find that the deceased suffered from chronic obstructive lung disease. * * * We further find that the deceased's employment exposure to atmospheric pollutants aggravated, accelerated and contributed to this condition. * * * Moreover, we find that the deceased's three West Pasco hospitalizations were reasonable and

[1] The death certificate and hospital records were not formally submitted into evidence at trial, but counsel for both parties had previously agreed that these documents were to become part of the record under the business record exception to the hearsay rule, MRE 803(6). Both attorneys propounded hypothetical questions to the medical witnesses, based in part on information contained in the records and death certificate.

necessary medical treatments for his pulmonary condition as testified to by Mr. Parker and Dr. Grassin.

"Finally, we find that had it been established that the deceased's death was work-related, which for reasons hereinbefore given we have not so found, that notice and claim were timely within the meaning of MCLA 418.381. The date of demise was November 13, 1973, and plaintiff's initial petition was filed on July 24, 1974, *Hayes v Detroit Steel Casting Co.,* 328 Mich 609 (1950).

"Accordingly we reverse in part the referee's decision. We find that the deceased received a work-related injury and disablement on October 1, 1966. We do not order defendant Monroe Steel Castings, as a division of Gulf Western, to pay weekly compensation benefits or medical expenses during the deceased's lifetime as such benefits were not requested. The parties have proceeded on a theory of death benefits only and not lifetime benefits. Finally, we delete the referee's narrative findings because plaintiff has not borne her burden of proof that her husband's death was the result of his employment with defendant and no benefits are payable to the dependents of the deceased."

It would appear that medical expenses may have been awarded, but the language above quoted is ambiguous and we are uncertain whether part of the hospitalization was paid as expense of last illness or not. In any event reversal is mandated.

Following oral argument before the appeal board and prior to its decision, plaintiff petitioned for permission to take additional evidence based upon the stipulation of the parties contained in depositions to admit the death certificate and hospital records. The petition also requested leave to take a deposition of a physician in Florida who signed the death certificate because "[a]t least one * * * Member of the panel was of the opinion that the introduction into evidence of either the hospital records or a certified copy of the death certificate would not remedy the supposed defect appar-

ently since neither would constitute direct evidence as to the cause of death". Of course we have no record before us of the oral arguments before the appeal board. In any event the five-member panel denied plaintiff's petition to take additional testimony by order dated the 13th of October, 1978, without stating a reason. We surmise that the denial was based upon the appeal board's conclusion that the petition was untimely because it was presented more than two years after the decision of the hearing referee and then only because of prompting by the appeal board at the oral argument before it. In another case that might be a legitimate exercise of the appeal board's discretion. In this case we find it a clear abuse.[2]

It may be that the plaintiff's attorney, having prevailed at the hearing level, slept through the appeal and did not realize his case was in jeopardy for failure to provide the exhibits agreed to by stipulation. Nonetheless, insofar as the appeal board opinion can be read for the proposition that cause of death cannot be established by the testimony of physicians who did not attend the deceased at his last illness, it has enunciated an incorrect rule of law and has committed plain error. *People v Miller,* 33 Mich App 279; 189 NW2d 789 (1971). The testimony of the physicians was admissible by hypothetical questioning in their depositions. Of course, the weight of the testimony is for the trier of fact.

The cause is reversed and remanded and the board is instructed on rehearing to admit the

---

[2] The board obviously considered plaintiff's proofs to be deficient on the issue of the cause of decedent's death but refused to admit the additional evidence necessary to cure the alleged defect. By this conduct the board impaired its own fact-finding capability which constitutes an abuse of discretion.

hospital records and death certificate in accordance with the stipulation of counsel as evidenced by the depositions and to grant the petition of plaintiff's attorney to take the deposition of Dr. Attaviani, who is alleged to have treated the decedent during his final hospitalization and who signed the death certificate.

Reversed and remanded for proceedings consistent with this opinion.