FORD v MONROE STEEL CASTINGS COMPANY

Docket No. 72865. Submitted March 14, 1984, at Detroit.—Decided June 25, 1984.

Lilah E. Ford brought a claim for workers' disability compensation medical expenses and death benefits which she alleged she was entitled to by reason of the death of her husband, Clifford G. Ford. The hearing referee found that the decedent's death was causally related to his employment and awarded death benefits to plaintiff. Decedent's employer, Monroe Steel Castings Company, appealed to the Workers' Compensation Appeal Board. During oral arguments before the appeal board, one of the members of the board questioned whether the record was defective by reason of the fact that plaintiff failed to present evidence establishing the cause of the decedent's death. Plaintiff filed a petition to reopen proofs so that she could present the deposition of the doctor who had treated the decedent prior to decedent's death and had signed the death certificate. The appeal board denied the motion to reopen proofs and reversed the award of death benefits on the basis of the absence of proof that decedent's death was causally related to his employment. Plaintiff appealed. The Court of Appeals reversed and remanded to the appeal board with instructions that the appeal board reopen proofs to permit the introduction of the doctor's deposition and conduct proceedings not inconsistent with the Court's opinion. 97 Mich App 482 (1980). On remand, defendant moved for a proportionate reduction of death benefits on the basis that the testimony of the attending physician established that decedent's death was caused in part by nonoccupational causes. The appeal board denied the motion for apportionment and affirmed the hearing referee's award of death benefits. Defendant sought leave to appeal to the Court of Appeals. The

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 294, 296 *et seq.,* 597, 625, 641.

[2] 82 Am Jur 2d, Workmen's Compensation §§ 300, 303.
Sufficiency of proof that cardiovascular or respiratory condition resulted from accident or incident in suit rather than from pre-existing conditions. 2 ALR3d 401.

Court of Appeals denied leave. Docket No. 63172, order of November 24, 1982. Defendant sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave, remanded the matter to the Court of Appeals for consideration as on leave granted. 417 Mich 1061 (1983). *Held:*

1. The demand for statutory apportionment was properly raised for the first time after the remand to the appeal board, since the evidentiary basis for such a demand did not exist until the introduction of the attending physician's deposition. The order of remand by the Court of Appeals was sufficiently broad to permit the appeal board to entertain the demand for statutory apportionment.

2. Since the evidence as to the cause of death established that the decedent's fatal heart attack was primarily caused by a condition which was not work related and was only secondarily caused by a work-related condition, it was error for the appeal board to refuse to grant a proportionate reduction of the death benefits.

Reversed and remanded.

1. WORKERS' COMPENSATION — DEATH BENEFITS — APPORTIONMENT — PRESERVING QUESTION — APPEAL.

The question of whether there should be a reduction of workers' disability compensation death benefits where the employee's death was in part due to a nonoccupational cause is properly raised for the first time by an employer after a remand from the Court of Appeals to the Workers' Compensation Appeal Board for the purpose of permitting the claimant to reopen proofs to present additional evidence as to the cause of the employee's death where the evidence as to the cause of death introduced on remand provides for the first time an evidentiary basis for statutory apportionment between occupational and nonoccupational causes (MCL 418.431; MSA 17.237[431]).

2. WORKERS' COMPENSATION — DEATH BENEFITS — APPORTIONMENT.

It is an error of law for the Workers' Compensation Appeal Board to fail to reduce an award of death benefits by apportionment between occupational and nonoccupational causes where the only evidence indicated that the heart failure of the employee which resulted in his death was primarily caused by arteriosclerotic heart disease which was not work related and was secondarily caused by pulmonary fibrosis which was work related (MCL 418.431; MSA 17.237[431]).

*Robert L. O'Connell & Associates* (by *Dan S. Barrett),* for plaintiff.

*Lacey & Jones* (by *Stephen J. Schwartz),* for defendant.

Before: HOOD, P.J., and V. J. BRENNAN and P. E. DEEGAN,* JJ.

PER CURIAM. Defendant appeals from a February 10, 1982, decision and order of the Workers' Compensation Appeal Board (WCAB). The sole issue on appeal is whether the WCAB erred in denying defendant's request for a proportionate reduction in the amount of death benefits payable to plaintiff Lilah Ford for the death of her husband, Clifford Ford, pursuant to MCL 418.431; MSA 17.237(431). Defendant argues that the evidence received by the WCAB established that decedent's death was due in part to a nonoccupational cause and that the appeal board was required to reduce the benefits pursuant to § 431.

The hearing referee found that decedent's death was causally related to his employment and awarded death benefits to plaintiff Lilah Ford. Defendant appealed to the WCAB. During oral arguments before the appeal board, one member questioned whether the record was defective because plaintiff had not presented evidence establishing the cause of decedent's death. With the appeal board's permission, plaintiff filed a formal petition to reopen proofs to take additional evidence on the causation issue. She sought to introduce the deposition testimony of Dr. Ottaviani, the physician who treated decedent prior to his death and who signed the death certificate. The appeal board denied plaintiff's petition to reopen proofs. On November 30, 1978, the board issued an order reversing the award of death benefits because plaintiff had failed to prove that decedent's death

* Circuit judge, sitting on the Court of Appeals by assignment.

was causally related to his employment with defendant.

Plaintiff's application for leave to appeal to this Court was granted. A panel of this Court reversed the appeal board's decision and remanded the case, instructing the board to reopen proofs and permit the introduction of Dr. Ottaviani's deposition and other evidence and to determine whether decedent's death was causally related to his employment. 97 Mich App 482; 296 NW2d 78 (1980). On remand, defendant requested for the first time a proportionate reduction of benefits pursuant to MCL 418.431; MSA 17.237(431). The appeal board denied defendant's request for apportionment and affirmed the award of death benefits to plaintiff. The board determined that apportionment was not appropriate because "there was no showing of interaction between the occupational and nonoccupational causes of death". Defendant's appeal from the WCAB's order is before this Court pursuant to the Supreme Court's July 21, 1983, order remanding the case for consideration as on leave granted. 417 Mich 1061 (1983).

Plaintiff asserts that the statutory apportionment issue has not been preserved for appeal because it was not raised until after the initial remand from this Court to the WCAB. Plaintiff's argument is without merit. Until the introduction of Dr. Ottaviani's deposition on remand, there was no evidence to support a request for statutory apportionment. The appeal board on remand was permitted to take such action as justice required so long as the action was not inconsistent with this Court's remand order. We find that the apportionment issue, which arose as a result of Dr. Ottaviani's deposition testimony concerning the cause of decedent's death, was timely raised by defen-

dant and has been preserved for appellate review. Plaintiff cites *Hahn v Sarah Coventry, Inc,* 97 Mich App 389; 296 NW2d 36 (1980), *lv den* 411 Mich 886 (1981). However, *Hahn* does not support plaintiff's position, since in that case defendant never raised the apportionment issue before the hearing referee or the WCAB.

Having found that the issue has been preserved, we now turn to whether the appeal board erred as a matter of law in failing to apportion benefits. MCL 418.431; MSA 17.237(431) provides in pertinent part:

"Where an occupational disease is aggravated by any other disease or infirmity, not itself compensable, or where disability or death from any other cause, not itself compensable, is aggravated, prolonged, accelerated or in any way contributed to by an occupational disease, the compensation payable shall be a proportion only of the compensation that would be payable if the occupational disease were the sole cause of the disability or death as such occupational disease, as a causative factor, bearing to all the causes of such disability or death, such reduction in compensation to be effected by reducing the number of weekly payments or the amounts of such payments, as under the circumstances of the particular case may be for the best interest of the claimant or claimants."

We find that Dr. Ottaviani's deposition testimony did establish that decedent's death was due in part to a nonoccupational cause and that defendant is entitled to a proportionate reduction in benefits pursuant to § 431. Dr. Ottaviani testified that decedent passed away as a result of a cardiac arrest caused by congestive heart failure and that both the right and left sides of the heart failed. The doctor testified that left heart failure was associated with arteriosclerotic heart disease,

which in this case was not alleged or found to be related to decedent's employment. The doctor stated that the right heart failure was probably secondary to decedent's pulmonary fibrosis, a condition which Dr. Ottaviani believed resulted at least in part from the years of inhaling sand and debris while employed by defendant. It was Dr. Ottaviani's opinion that decedent's death was contributed to both by his long-time exposure to the work environment and the resulting severe pulmonary condition and by arteriosclerotic heart disease, a nonoccupational disease in this case.

In view of this evidence and the appeal board's finding on remand, we hold that the board erred as a matter of law in failing to proportionately reduce the death benefits pursuant to § 431. The statute requires apportionment where the disability or death is contributed to by an occupational disease and by a cause which is not itself compensable. Since the evidence indicates the decedent's cardiac arrest was contributed to by left heart failure due to an arteriosclerotic heart condition, a nonwork related disease, the apportionment provision should have been applied.

The decision of the WCAB denying defendant's request for apportionment is reversed and the case is remanded for a proportionate reduction in benefits pursuant to § 431.

Reversed and remanded.