Edward T. **GARDNER**, Plaintiff,

v.

**EDWARD GARDNER PLUMBING & HEATING, INC., and/or State Insurance Fund, and Second Injury Fund,** Defendants.

No. 19875.

Supreme Court of Utah.

Oct. 9, 1984.

Robert B. Sykes, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., James R. Black, Ins. Fund, Gilbert Martinez, Ind. Comm., Second Injury Fund, Salt Lake City, for defendants.

ZIMMERMAN, Justice.

Plaintiff appeals a ruling of the Industrial Commission denying his claim for workmen's compensation benefits. The Commission affirmed the findings of fact, conclusions of law and order of the administrative law judge, which held that plaintiff suffered no permanent physical impairment attributable to the industrial injury. On appeal, plaintiff claims that the Commission arbitrarily ignored substantial, uncontradicted evidence of injury and that the administrative law judge improperly excluded evidence supporting plaintiff's claim. We agree with plaintiff that the administrative law judge's evidentiary ruling was incorrect and, therefore, find it unnecessary to reach the question of whether the Commission's actions were contrary to the evidence. We reverse and remand for further proceedings.

On December 1, 1981, plaintiff, a 74-year-old plumber, and a co-worker were in the company van returning from a job when a motorist ran a red light and collided with the van. As a result, plaintiff was pinned between the engine-mount area and a water heater that was being transported in the van.

Plaintiff suffered fractured ribs and bruises and bumps on both legs, although the right leg was apparently injured more severely. A piece of skin peeled off the right leg, and both legs were bleeding. The right leg later became infected. After the accident, plaintiff also developed congestion in his lungs, requiring an operation to drain his pleural cavity. Plaintiff filed a claim for medical benefits and both temporary total and permanent partial disability benefits. The present appeal involves only his claim for permanent partial disability benefits resulting from his leg injuries.

The Industrial Commission scheduled a hearing on plaintiff's permanent disability claim based on his chest and leg injuries. At the hearing, plaintiff testified about the accident and its effect on his health.[1]

---

1. The issues predominating throughout the proceedings below related to whether the plaintiff's     chest surgery after the accident was necessitated by the accident and whether he suffered perma-

Plaintiff stated that his legs burned all the time, that they hurt when he stood or moved around, and that he could not stoop as he could before the accident. He said that he had pain when he was doing the things he would normally do as a plumber. No medical testimony was offered at this hearing.

Following the hearing, the administrative law judge appointed a medical panel to examine plaintiff. The panel concluded that plaintiff was not entitled to a permanent partial disability rating. With respect to the legs, the panel found that the pain complained of "is not felt to be sufficient to warrant a rating of impairment [and] it is anticipated it will continue to improve with time. . . ." Plaintiff filed objections to the report, contending that the panel's conclusion was not supported by the evidence. The Commission scheduled a second hearing to consider those objections.

Dr. Holbrook, the chairman of the medical panel, testified that as a general matter he considered subjective complaints of pain to be insufficient to support a finding of permanent impairment, absent objective manifestations of physical damage.[2] Applying that principle to plaintiff, Dr. Holbrook stated that he found no permanent impairment precisely because of the absence of objective evidence to confirm plaintiff's subjective complaints of pain. He testified that during the medical examination that served as a basis for the panel's report, plaintiff complained of pain in his lower legs, but he also told Dr. Holbrook that the pain did "not interfere with his function[ing]."

Plaintiff produced two doctors who disagreed with the findings of the medical panel. Both testified to objective factors indicating injury to the legs, such as shiny skin, loss of hair, and sensitivity to pressure in the injured area, as well as to the fact that plaintiff continued to complain about pain in the anterior tibial area of his legs 25 months after the accident. One doctor rated plaintiff with a five percent permanent partial impairment for each leg, or a total impairment of ten percent; the second rated plaintiff five to ten percent impaired in the left leg and ten to fifteen percent impaired in the right leg. Both of plaintiff's doctors based their assessments in part on plaintiff's statement that he suffered pain in both legs. In addition, a neurologist testified that plaintiff suffered a "mild injury" to the right peroneal nerve, although the neurologist expected the discomfort to improve with time.

On appeal, plaintiff contends: (i) that the Commission adopted an improper legal standard in ruling that subjective pain can never be a basis for a finding of partial disability, (ii) that the administrative law judge improperly excluded evidence at the second hearing that would have supported his claim of permanent partial disability, and (iii) that the Commission abused its discretion by accepting the medical panel's findings and rejecting plaintiff's doctors' testimony.

We reject the first claim. The standard adopted by the Commission and relied upon by Dr. Holbrook in his testimony is incorrectly characterized by plaintiff; it followed a section of the Guides to the Evaluation of Permanent Impairment published by the American Medical Association that explicitly takes cognizance of pain when it is substantiated by independent evidence.[3] We find such a standard to be

---

nent impairment as a result. The chest injury issues were resolved against plaintiff and are not before us. Matters relating to plaintiff's legs were secondary until this appeal.

**2.** Reviewed in context, Dr. Holbrook's comment that he failed to find "objective evidence" to confirm plaintiff's complaints of pain appears to have meant that he failed to find independent evidence which verified plaintiff's subjective complaints.

**3.** We note that the Industrial Commission of Arizona has adopted by rule the AMA Guides to the extent that they cover the impairment involved in a specific case. *See, e.g., Cavco Industries v. Industrial Commission of Arizona,* 129 Ariz. 429, 631 P.2d 1087, 1090 (1981). The AMA Guides set forth the following factors doctors may utilize in determining whether a claimant is entitled to disability benefits based on pain:

In evaluating pain associated with peripheral spinal nerve disorders the physician should

reasonably calculated to distinguish between real impairment and malingering and to serve the purposes of the worker's compensation scheme. *Cf. Utah Copper Co. v. Industrial Commission*, 57 Utah 118, 123–24, 193 P. 24, 26–27 (1920). Applying this standard, Dr. Holbrook simply found no such competent substantiating evidence, and the Commission accepted this finding.

We agree with the plaintiff's second claim. We find that at the second hearing the administrative law judge erred in limiting the evidence that could be presented by plaintiff to attack the panel's finding.

During the second hearing, Dr. Holbrook admitted on cross-examination that he had not asked plaintiff detailed questions about whether the pain in his legs affected his ability to perform particular functions, such as standing up from a seated position, kneeling, sitting on his haunches, or crossing his legs. Plaintiff's counsel propounded a hypothetical question, asking the doctor to assume plaintiff's inability to perform those functions. Defendant's counsel objected on the basis that the hypothetical assumed facts not in the record—plaintiff's testimony at the first hearing had not been as detailed as the hypothetical regarding the specific functions he was unable to perform. The administrative law judge sustained the objection, even though plaintiff's counsel stated that if the record provided an insufficient basis for the question, plaintiff would take the stand and give additional testimony of his specific physical impairments resulting from the pain. The administrative law judge ruled that by not introducing such evidence at the first hearing, plaintiff had waived any right to present such testimony at a later date.

Immediately after Dr. Holbrook's testimony, plaintiff took the stand to testify.

The administrative law judge refused to permit his testimony, stating that plaintiff was not a doctor, and his testimony was therefore outside the scope of the hearing. Plaintiff made a proffer indicating that if permitted to speak, he would have denied telling Dr. Holbrook that the injury did not impair his functioning, and he would have testified in detail about the various functions he was unable to perform as a result of the injury.

The administrative law judge also excluded certain medical testimony that plaintiff attempted to present. When plaintiff's counsel asked one of plaintiff's doctors if, in his opinion, plaintiff's pain interfered with the performance of his daily activities, defendant's counsel objected because the question was "[l]eading and subjective." The administrative law judge sustained the objection and prevented counsel from rephrasing the question by sustaining two similar objections. Finally, the administrative law judge refused to allow plaintiff's doctor to comment on the specific points in the medical panel's report with which he disagreed.

■ The administrative law judge abused his discretion in making these evidentiary rulings. The legislature has expressly provided that in proceedings before the Industrial Commission, technical evidentiary rules are not to apply. "Neither the Commission nor its hearing examiner shall be bound by the usual common-law or statutory rules of evidence, or by any technical or formal rules of procedure...." U.C.A., 1953, § 35–1–88. Instead, the hearings should be conducted in the manner "best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the Workmen's Compensation Act." *Id.* To this end, "[a]ll parties

consider: (1) how the pain interferes with the individual's performance of the activities of daily living, eg, [sic] annoys but is forgotten during activity, or interferes with activity, or prevents activity, or causes outcries as well as preventing activity; (2) to what extent the pain follows the dermatome distribution ...; and (3) to what extent the description of the pain indicates that it is caused by the periph-

eral spinal nerve impairment, ie, [sic] the pain should correspond to other aspects of disturbance in the involved nerve or nerve root. Subjective complaints of pain which cannot be substantiated along these lines are not considered within the scope of this guide. American Medical Association, *Guides to the Evaluation of Permanent Impairment*, 49–50 (1971).

in interest shall have the right ... to present such testimony as may be pertinent to the controversy before the commission and shall have the right to cross-examine." U.C.A., 1953, § 35–1–82.51. Our cases have stressed that nontechnical rules are to apply at such hearings and that fairness is the guiding principle. *See, e.g., Schmidt v. Industrial Commission,* Utah, 617 P.2d 693, 696 (1980); *Spencer v. Industrial Commission,* 81 Utah 511, 20 P.2d 618, 620 (1933). The exclusion of plaintiff's testimony, his doctor's testimony, and the cross-examination of Dr. Holbrook violated the letter and spirit of the statute and our cases.

The testimony sought and the evidence proffered plainly were relevant to the issues before the Commission. The question was whether the claimant was entitled to disability benefits based on his complaints of pain. Both parties cited to and relied upon the section of the AMA Guides dealing with pain from peripheral spinal nerve damage, the type of injury most likely to have caused plaintiff's pain. Dr. Holbrook contended that none of the independent evidence of pain, *i.e.,* evidence other than claimants' subjective complaints of pain, mentioned in the AMA Guides was present. The administrative law judge excluded plaintiff's attempt to show the presence of such objective indicia, *i.e.,* the extent to which the claimant's pain interfered with the performance of his daily activities. The direct testimony of plaintiff, the excluded testimony of plaintiff's doctor, and the cross-examination of Dr. Holbrook were all intended to show that plaintiff's pain interfered with his functioning as a plumber. By his actions, the administrative law judge precluded plaintiff from undermining one of Dr. Holbrook's premises—that plaintiff was not impaired in his functioning—and, therefore, effectively precluded plaintiff from meeting the evidence against him. In addition, plaintiff's doctor should have been allowed to comment on his specific points of disagreement with the medical panel's report. That was the reason for his testifying at the hearing.

He was familiar with plaintiff's condition, and he could have focused the attention of the administrative law judge on the precise points of the report concerning which he had different information or conclusions. *See Northern Arizona University v. Industrial Commission,* 123 Ariz.App. 407, 599 P.2d 860 (1979).

The approach taken here to the Industrial Commission's proceedings is in accord with decisions of other jurisdictions. *See, e.g., Rosovich v. Industrial Commission,* 133 Ariz. 374, 651 P.2d 1199 (1982) (abuse of discretion to deny claimant a further hearing to present medical testimony); *Dependents of Cazimero v. Kohala Sugar Co.,* 54 Hawaii 479, 510 P.2d 89 (1973) (abuse of discretion to exclude evidence proffered by claimant; agency should always err on the side of admissibility); *accord, Ford v. Monroe Steel Castings Co.,* 97 Mich.App. 482, 296 N.W.2d 78 (1980); *Gordon v. Industrial Commission,* 23 Ariz.App. 457, 533 P.2d 1194 (1975); *Cf.* 3 A. Larson, *Law of Workmen's Compensation* § 79.12 (1983).

For the reasons stated above, the findings premised on the record of the second hearing must be vacated and the matter remanded for further proceedings. We find it unnecessary to reach plaintiff's third claim that the finding of no permanent partial disability was against the evidence and, therefore, was arbitrary and capricious.

The order of the Industrial Commission is reversed, and the case is remanded for further proceedings.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, J., concurs in the result.